UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

JOSHUA A. NEWPORT,                )   3:12-cv-00621-RCJ (WGC)
                                  )
        Plaintiff,                )   **ORDER**
                                  )
vs.                               )
                                  )
CITY OF SPARKS, *et al.*,         )
                                  )
        Defendants.               )
                                  )

Before the court is Plaintiff Joshua A. Newport's *pro se* civil rights Complaint brought pursuant to 42 U.S.C. section 1983 (Doc. # 1-1),[1] and his application for leave to proceed *in forma pauperis* (Doc. # 1), both filed on November 21, 2012. Presently, Newport is an inmate within the Nevada Department of Corrections ("NDOC") and resides at Northern Nevada Correctional Center ("NNCC") in Carson City, Nevada. (*Id.* at 1.)

**I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

A person may be granted permission to proceed *in forma pauperis* if the person "submits an affidavit that includes a statement of all assets such . . . [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). "'[T]he supporting affidavits . . . [must] state the facts as to the affiant's poverty with some particularity, definiteness, and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The litigant need

---

[1] Refers to court's docket number.

not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

In his application, Newport indicates he is unemployed and that his day of last employment was in 2008. (Doc. # 1 at 1.) He has sixty-seven cents ($0.67) in a prison account. (*Id.* at 4.) The average monthly balance of that account is $14.94 and the average monthly deposit amount is $28.33. (*Id.* at 4, 5.)

Based on the information Newport provides, the court finds it is unlikely he would be able to pay the $350.00 filing fee given that he is presently unemployed and receives no monthly income. Therefore, Newport's application to proceed *in forma pauperis* (Doc. # 1) should be granted.

## II. SCREENING

**A. Legal Standard**

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. section 1915, which "authorizes the court to dismiss an IFP action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a), (d)). This provision applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. section 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative

2

level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, at 235-36 (3d ed. 2004)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Further, allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). At a minimum, however, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**B. Newport's Complaint**

Newport's Complaint contains one count of excessive force in violation of the Fourth, Fifth and Fourteenth Amendments. (Doc. # 1-1 at 5-9.) Defendants are City of Sparks and the following eleven City of Sparks police officers: Officer Marconato, Officer Bryan Yee, Officer Lake, Officer Marsh, Officer Ginchereau, Officer Novak, Officer Maile, Officer Rowe, Officer Hammerstone, Officer Fye and Officer Sgt. Tracy (collectively "Officer Defendants" unless referred to individually or otherwise noted). (*Id.* at 2-5.) Newport sues Officer Defendants in their official capacities. (*Id.* at 2-5.)

Late at night on November 28, 2010, Sparks police officers stopped Newport in his vehicle after Newport attempted to evade them while traveling eastbound on Victorian Avenue. (*Id.* at 6.) When Newport stopped, he exited his vehicle and began to flee. (*Id.*) After "about twenty (20) steps," however, Newport "decided against it" and stopped running. (*Id.*) He indicated surrender by "thr[owing] both . . . arms up over his head into the air . . . ." (*Id.*)

Then, Newport claims he was "gang-tackled from behind and slammed face down onto the concrete . . . ." (*Id.*) He alleges "several officers proceeded to kick, knee, and choke me . . . unconscious." (*Id.*) Newport adds one of the officers used a Taser gun twice even though Newport was

3

on the ground being subdued by other officers.[2] (*Id*. at 8.) According to Newport, Officer Defendants "inflict[ed] serious injury which resulted in hospitalization," including a dislocated elbow, a torn chest muscle, a twisted knee and right arm, damaged ribs, a black eye and multiple bruises. (*Id*. at 5, 7.) Newport avers all eleven Officer Defendants committed this alleged assault. (*Id*. at 6.)

Ultimately, Newport contends this alleged use of force was "constitutionally unreasonable" because it was "excessive" when viewed in light of the "totality of the circumstances . . . ." (*Id*. at 7.) Newport claims that because he stopped running and attempted to surrender, he did not pose an immediate threat to the safety of the officers or others, and he did not resist or evade arrest. (*Id*. at 8.) Accordingly, Newport requests monetary and punitive damages of one million dollars. (*Id.* at 12.)

**C. Analysis**

*1. City of Sparks*

Besides naming the City of Sparks as a Defendant, Newport fails to set forth any allegations against the municipality. Each and every allegation in Newport's Complaint pertains to Officer Defendants. Consequently, Newport's claim against the City of Sparks is dismissed. Given the nature of Newport's allegations, however, the dismissal is without prejudice. Newport is granted leave to amend his Complaint in the event that he is able to assert specific allegations against the City of Sparks that would subject the entity to municipal liability.

*2. Officer Defendants*

Newport sues Officer Defendants in their official capacities. A suit against a defendant in his or her official capacity "'represent[s] only another way of pleading an action against an entity of which

---

[2] Here, Newport claims the officer's decision to tase him "shows deliberate indifference to petitioner [sic] well being." (Doc. # 1-1 at 9.) Thus, even though Newport's Complaint makes no mention of the Eighth Amendment, it appears Newport attempts to state an Eighth Amendment claim involving deliberate indifference. In fact, he repeatedly uses the phrase "maliciously and sadistically" to describe the Officer Defendants' conduct seemingly to invoke a claim of excessive force under the Eighth Amendment. *See Hamilton*, *supra*, 630 F.3d at 897 (citing *Wilkins v. Gaddy*, --- U.S. ---, ---, 130 S.Ct. 1175, 1180 (2010)). However, he concludes his argument by contending the officer's conduct "[t]herefore violates petitioner's *Fourth Amendment* right of *excessive force*." (Doc. # 1-1 at 9.) (Emphasis supplied.) Because Newport was not a "convicted prisoner" during the time period in question, the legal standard of deliberate indifference, which arises under the Eighth Amendment, does not apply here. *See Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986) (Eighth Amendment applies only to "convicted prisoners"). Therefore, the court will construe this allegation as one of the several allegations Newport makes pursuant to the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 394-95 (explaining an excessive force claim that arises in the context of an arrest of a free citizen "invok[es] the protections of the Fourth Amendment . . . .").

an officer is an agent.' . . . It is *not* a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)) (original emphasis); *accord Hyland v. Wonder*, 117 F.3d 405, 415 (9th Cir. 1997); *Zolondek v. Nevada*, 2:10-cv-01947-LDG-GWF, 2011 WL 3841227, at *3 (D. Nev. 2011). "Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

As mentioned above, Newport sets forth *no* allegations against the City of Sparks, particularly allegations pertaining to a municipal policy or custom. Thus, Officer Defendants face no official-capacity liability that would derive from such a policy or custom. Accordingly, Newport's claim against Officer Defendants should be dismissed without prejudice. Newport is granted leave to amend his Complaint to allege either: (a) specific allegations against the City of Sparks involving a policy or custom, or (b) appropriate allegations against Officer Defendants in some other legal capacity.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that:

1. Newport's request to proceed *in forma pauperis* is **GRANTED**. The Clerk of the Court is instructed to **DETACH** and **FILE** the Complaint (Doc. # 1-1). The movant herein should be permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status should not extend to the issuance of subpoenas at government expense; and

2. Newport's Complaint (Doc. # 1-1) should be **DISMISSED WITHOUT PREJUDICE**. Newport shall have **forty-five (45) days** to amend his Complaint if he so chooses.

DATED: November 28, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

5