# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA A. NEWPORT,  | 3:12-cv-00621-RCJ (WGC) |
| Plaintiff, | **ORDER** |
| vs. | |
| CITY OF SPARKS, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff Joshua A. Newport's amended pro se civil rights complaint brought pursuant to 42 U.S.C. §1983. (Doc. # 5.)[1]

The court previously granted Plaintiff's application for leave to proceed in forma pauperis and screened Plaintiff's original civil rights complaint and dismissed it with leave to amend. (*See* Doc. # 3.) Plaintiff has filed an amended complaint. (Doc. # 5.) Because Plaintiff is proceeding in forma pauperis and is incarcerated, the court will screen Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The court also amends its order granting Plaintiff's application to proceed in forma pauperis so that it is consistent with 28 U.S.C. § 1915(b)(1), (2).

## I. SCREENING

**A. Standard**

28 U.S.C. § 1915A requires that the court "review, before docketing, if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

---

[1] Refers to court's docket number.

"[T]he court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. section 1915, which "authorizes the court to dismiss an IFP action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a), (d)). This provision applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. section 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Analysis**

Plaintiff's amended complaint contains one claim for excessive force under the Fourth Amendment against defendant Sparks Police Officers Marconato, Yee, Lake, Marsh, Ginchereau, Novak, Maile, Rowe, Hammerstone, Fye and Sergeant Tracy. (Doc. # 5.) Plaintiff alleges that on November 28, 2010, he was stopped by police officers after evading them on Victorian Avenue in Sparks. (*Id*. at 6.) When he stopped, he exited the vehicle and ran approximately twenty steps and then decided against running and surrendered by throwing his hands into the air. (*Id*.) Plaintiff then claims he was "gang-tackled" and slammed face-down into the concrete without provocation. (*Id*.) He avers that the officers proceeded to kick, knee and choke him until he was unconscious. (*Id*.) He also alleges that Officer Lake tased Plaintiff twice. (*Id*. at 9.) He claims to have suffered multiple injuries including a dislocated elbow, torn chest muscle, twisted arm, damaged ribs, black eye and bruises, requiring hospitalization. (*Id*. at 7.) Plaintiff contends that the force used was unreasonable under the circumstances and in violation of the Fourth Amendment. (*Id*.)

Plaintiff once again has checked only the "official capacity" box next to each of the named defendants. (Doc. # 5.) As the court previously informed Plaintiff, a suit against a defendant in his or her official capacity "'represent[s] only another way of pleading an action against an entity of which

3

an officer is an agent.'...It is *not* a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)) (emphasis original); *accord Hyland v. Wonder*, 117 F.3d 405, 415 (9th Cir. 1997); *Zolondek v. Nevada*, 2:10-cv-01947-LDG-GWF, 2011 WL 3841227, at *3 (D. Nev. 2011). Since Plaintiff has not included any allegations implicating a policy or custom of the City of Sparks, and in fact has omitted the City of Sparks from his amended complaint, the court will construe Plaintiff's pro se amended complaint as asserting a Fourth Amendment excessive force claim against the defendant police officers in their individual capacities. Accordingly, Plaintiff's amended complaint may proceed in this regard.

## II. AMENDMENT OF ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS

The court has determined that the order granting Plaintiff's application to proceed in forma pauperis must be amended in light of Plaintiff's status as an incarcerated person.

> [I]f a prisoner brings a civil action...in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

When Plaintiff filed his application to proceed in forma pauperis, he indicated he was not employed and had sixty-seven cents in his prison account. (Doc. # 1 at 2.) His average monthly balance was $14.94. (*Id*. at 4.) Plaintiff shall be required to pay the full amount of the filing fee. Consistent with 28 U.S.C. § 1915(b)(1), (2), Plaintiff must pay an initial partial installment fee and then the remainder of the fee.

///

4

### III. CONCLUSION

**IT IS HEREBY ORDERED** that:

1. Plaintiff's amended complaint (Doc. # 5) asserting a claim of excessive force under the Fourth Amendment may **PROCEED** against the defendant officers in their **individual capacities**;

2. Because Plaintiff is incarcerated, the original order granting in forma pauperis status is **amended** as follows: Plaintiff is required to pay the full amount of the filing fee. Plaintiff must pay an initial partial filing fee equal to 20 percent of the greater of: (A) the average monthly deposits to his prison account or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint. After the initial partial filing fee is paid, Plaintiff shall be required to make monthly payments of 20 percent of the preceding month's income credited to his prisoner account. The Nevada Department of Corrections shall forward payments from Plaintiff's account to the Clerk of Court each time the amount in the account exceeds $ 10 until the filing fee is paid in full.

3. Where an in forma pauperis plaintiff is also incarcerated, he or she may rely upon the U.S. Marshal to effect service after providing the Marshal with all necessary information. *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991). Thus, the Clerk of the Court is ordered to **ISSUE** a summons to each named defendant and deliver the same to the U.S. Marshal for service. The Clerk should **SEND** Plaintiff sufficient copies of the amended complaint and service of process forms (USM-285) for each defendant. Plaintiff should be given twenty days in which to furnish to the U.S. Marshal the required form USM-285 for each defendant. The U.S. Marshal will then proceed with service on the defendants. Within twenty days after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If Plaintiff wishes to have service again attempted on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Plaintiff is reminded that, pursuant to Rule

4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred-twenty days of the date of this order.

    4. From now on, Plaintiff shall serve upon defendant[s] or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the clerk of the court a certificate stating the date that a true and correct copy of the document was mailed to the defendant[s] or counsel for defendant[s]. The court may disregard any paper received by a District Judge or a Magistrate Judge which has not been filed with the clerk of the court, and any paper received by a District Judge, Magistrate Judge or Clerk of the Court which fails to include a certificate of service.

**IT IS SO ORDERED**.

DATED:   November 26, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE