UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA A. NEWPORT,<br><br>                    Plaintiff,<br>v.<br><br>OFFICER MARCONATO, et al.,<br><br>                    Defendants. | Case No. 3:12-cv-00621-MMD-WGC<br><br>ORDER |

    Before the Court is Plaintiff's Motion to Amend the Amended Complaint ("Motion to Amend"). (Dkt. no. 17.) Plaintiff asks for leave to file a Second Amended Complaint and a sixty-day (60) extension to file an opposition to Defendants' Motion to Dismiss. He is proceeding *pro se*. Defendants filed a response to the Motion (dkt. no. 18) and Plaintiff filed a reply (dkt. no. 19).

    The Amended Complaint brings excessive force claims against eleven (11) police officers. Defendants' Motion to Dismiss argues that "[w]ith one exception, the instant Complaint does not attempt to connect any of the [defendant] police officers to any particularized use of force against [Plaintiff]." (Dkt. no. 14 at 7–8.) As to the remaining police officer, Defendants argue that he is entitled to qualified immunity. (*Id.* at 8.) Plaintiff's Motion to Amend appears to acknowledge that the Amended Complaint is insufficient and asks for leave in order to file a Second Amended Complaint in order to "set forth facts and unconstitutional actions of each and every" defendant officer. (Dkt. no. 17 at 3.) Defendants ask the Court to deny Plaintiff's Motion to Amend and grant the

Motion to Dismiss without prejudice so that Plaintiff may figure out how to articulate his claims. (Dkt. no. 18 at 3.)

Plaintiff's Motion to Amend fails to comply with LR 15-1(a), which requires the moving party to "attach the proposed amended pleading to any motion to amend so that it will be complete in itself without reference to the superseding pleading." Plaintiff did not attach his proposed Second Amended Complaint to his Motion to Amend. Therefore, pursuant to LR 5-1, Plaintiff's Motion to Amend is denied without prejudice. Plaintiff may file another motion to amend but it must comply with LR 15-1 and attach a proposed Second Amended Complaint.

If Plaintiff chooses to file a Second Amended Complaint he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Plaintiff's Second Amended Complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.

Good cause appearing, the Court will grant Plaintiff his requested sixty-day (60) extension to file a response to Defendant's Motion to Dismiss. The Court notes however, that another extension will not be granted absent extraordinary circumstances.

It is therefore ordered that Plaintiff's Motion to Amend (dkt. no. 17) is denied without prejudice. Plaintiff may file a motion to amend in compliance with LR 15-1.

It is further ordered that Plaintiff's request for a sixty-day (60) extension of time to respond to Defendants' Motion to Dismiss is granted. Plaintiff's response to Defendants' Motion to Dismiss is due by March 10, 2014.

DATED THIS 11th day of February 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE