UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA A. NEWPORT,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF SPARKS, et. al.,<br><br>　　　　　　　　　Defendants. | 3:12-cv-00621-MMD-WGC<br><br>**<u>ORDER</u>** |

Before the court is Plaintiff's Motion for Leave to Amend Plaintiff's Civil Rights Complaint (Doc. # 23)[1] and proposed Second Amended Complaint (Doc. # 23-1). Defendants have not filed a response.

**<u>I. BACKGROUND</u>**

Plaintiff submitted his original complaint and motion for leave to proceed in forma pauperis on November 21, 2012. (Doc. # 1, Doc. # 1-1.) The court granted him leave to proceed in forma pauperis, and screened his complaint pursuant to 28 U.S.C. § 1915 and § 1915A. (Doc. # 3.) The original complaint contained one count of excessive force in violation of the Fourth, Fifth and Fourteenth Amendments against the City of Sparks and City of Sparks police officers Marconato, Bryan Yee, Lake, Marsh, Ginchereau, Novak, Maile, Rowe, Hammerstone, Fye and Sergeant Tracy in their official capacities. (Doc. # 1-1.) The complaint alleged that the officers used excessive force against him after he had attempted to evade them in his vehicle. He contended that, he ultimately decided against running, and attempted to surrender when he was tackled, beaten and tased by the officers resulting in serious injuries which required hospitalization.

The court dismissed the claim against the City of Sparks without prejudice because

---

[1] Refers to court's docket number.

1   Newport failed to include any allegations to hold the city liable. (Doc. # 3 at 4.) In addition, as
2   Plaintiff had only sued the officers in their official capacity, the court advised Plaintiff that in a
3   suit against the officers in their official capacity, the real party in interest is the governmental
4   entity and not the named official; thus, the entity's policy or custom must have played a part in
5   the violation of federal law. Because Plaintiff included no allegations as to the City of Sparks,
6   the court likewise dismissed the claim against the officers without prejudice. (*Id*.) He was given
7   forty-five days leave to amend. (*Id*.)

8   Plaintiff filed an amended complaint. (Doc. # 5.) The court screened the amended
9   complaint. Again, it contained one claim for excessive force under the Fourth Amendment
10  against defendant Sparks Police Officers Marconato, Yee, Lake, Marsh, Ginchereau, Novak,
11  Maile, Rowe, Hammerstone, Fye and Sergeant Tracy. (Doc. # 5.) The allegations of the asserted
12  excessive force incident are the same as those asserted in the original complaint. Plaintiff once
13  again checked only the official capacity box in the complaint against these defendants; however,
14  since Plaintiff did not include any allegations implicating a policy or custom against the City of
15  Sparks and omitted the City of Sparks from his amended complaint, the court construed it as
16  asserting an excessive force claim against the defendant officers in their individual capacities and
17  allowed the complaint to proceed. (Doc. # 9.)

18  Defendants then filed a motion to dismiss. (Doc. # 14.) Defendants argue that Plaintiff's
19  amended complaint fails to state a claim of relief upon which relief may be granted because it
20  does not allege specifically how each of the officers were involved in the alleged excessive force
21  incident (although they concede the allegations are sufficient as to one of the eleven officers).
22  Defendant Lake also argues that he is entitled to qualified immunity because under the
23  circumstances his use of the taser did not violate the Fourth Amendment, and in November 2010,
24  a reasonable police officer would not have understood that the Fourth Amendment precluded the
25  use of a taser to subdue Plaintiff.

26  Plaintiff filed a motion to amend his complaint on January 3, 2014 to address the
27  deficiencies noted in the motion to dismiss. (Doc. # 17.) Defendants filed a response to that
28  motion, asking the court to deny Plaintiff's motion and grant the motion to dismiss without

prejudice so that Plaintiff could articulate his claims. (Doc. # 18 at 3.) District Judge Miranda M. Du ultimately denied the motion to amend because it did not attach a proposed amended complaint in conformity with Local Rule 15-1(a). (Doc. # 20 at 2.) He was also given a sixty-day extension of time to respond to Defendants' pending motion to dismiss. He filed his response on March 10, 2014. (Doc. # 25.) Defendants subsequently filed a reply. (Doc. # 27.) They also filed a supplement to their reply (Doc. # 28), which Plaintiff has moved to strike (Doc. # 30).

Plaintiff then filed the instant motion for leave to amend, this time accompanied by a proposed second amended complaint. (Doc. # 23.) Defendants have not filed a response to the motion.

## II. PROPOSED AMENDED COMPLAINT

In his proposed second amended complaint Plaintiff names defendant Officers Marconato, Yee, Lake, Rowe, and Sergeant Tracy in their individual capacities. (Doc. # 23-1 at 2-3.) He is no longer naming as defendants Officers Marsh, Ginchereau, Novak, Maile, Hammerstone, and Fye. He alleges that Defendants used excessive force against him on November 28, 2010, by slamming Plaintiff to the ground while he was surrendering and without provocation, kicking, kneeing, tasing and choking him which caused him to lose consciousness and suffer a dislocated elbow, torn chest muscle, damaged ribs, black eye and multiple bruises requiring hospitalization, in violation of his Fourth Amendment rights. (Doc. # 23-1 at 3.)

He then details his account of events from that day. He states that prior to that day, he entered into a verbal agreement with a friend to purchase a 1995 Jeep Grand Cherokee, but because he was involved in a domestic dispute with his girlfriend, she called and reported the vehicle as stolen, although Plaintiff had no knowledge of this. (Doc. # 23-1 at 3-4.) Thus, while he was leaving the Nugget casino parking garage, Sparks Police officers tried to pull Plaintiff over. (*Id*. at 4.) Plaintiff contends that he drove west on Nugget Avenue, then turned northbound on 11th Street, and as he approached Victorian Avenue, defendant Officer Rowe performed a "pit" maneuver in reckless disregard for the safety of Plaintiff and the public, which caused Plaintiff to lose control of his vehicle and slam into the center median and crash into defendant Yee's patrol car. (*Id*.)

1    Plaintiff then took off his seat belt and exited the disabled vehicle. (*Id*.) At this time,
2 defendant Yee was exiting his patrol car and defendant Rowe violently "rammed" his patrol car
3 into the back of Plaintiff's vehicle. (*Id*.) Defendant Marconato then approached Plaintiff with a
4 gun pointed at him and ordered him to stop. (*Id*.) Plaintiff contends he complied with these
5 commands by putting his hands into the air to surrender; nevertheless, he claims defendant Rowe
6 violently tackled him and placed him in a "headlock choking position" while he sat on Plaintiff's
7 back. (*Id*.) He claims that defendant Yee then began to violently "ram his knee" into Plaintiff's
8 face and grabbed Plaintiff's right arm, dislocating his elbow while delivering "vicious knee
9 strikes" to Plaintiff's right-side ribs. (*Id*.)

10   Defendant Marconato then holstered his weapon because defendants Rowe and Yee had
11 control of Plaintiff's upper body, and defendant Marconato grabbed Plaintiff's legs by straddling
12 them and then grabbed Plaintiff's left arm and pulled it into a backwards position with his
13 dislocated elbow. (*Id*. at 5.) Next, Plaintiff claims that defendant Lake tased him in the abdomen,
14 causing his body to seize. (*Id*.) Sergeant Tracy then stepped on the small of Plaintiff's back while
15 defendant Rowe was still choking him. (*Id*.) Sergeant Tracy ordered defendant Marsh to bring a
16 K-9 dog to bite Plaintiff. (*Id*.) He claims that Officer Marsh attempted to do so and at the same
17 time put his right foot on Plaintiff's right ankle, pinning him to the ground. (*Id*.)[2] Defendant
18 Tracy then began to violently kick Plaintiff in the left side multiple times unnecessarily. (*Id*.)

19   Defendant Rowe released Plaintiff from the chokehold and defendants Yee and
20 Marconato placed Plaintiff in handcuffs. (*Id*.) Plaintiff told the officers his right elbow was
21 broken and that he was in extreme pain. (*Id*.) He also contends that he was tased a second time,
22 which resulted in the release of his bladder. (*Id*.)

23   Plaintiff contends the force used by Defendants was excessive and unreasonable under
24 the circumstances. (*Id*. at 6.) He further alleges that Sergeant Tracy created an unconstitutional
25 custom, policy and practice of unreasonable excessive force that he refused to stop once it was
26 set in motion. (*Id*.) He repeats the allegations as to each of the defendants in Counts I through IV.
27 (*Id*. at 7-11.)

28

---

[2] Plaintiff has not named Officer Marsh as a defendant in the proposed second amended complaint.

**III. DISCUSSION**

Leave to amend is to be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). 28 U.S.C. § 1915A requires that the court "review, before docketing, if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "[T]he court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint--(1) is frivolous, malicious or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In addition, the complaints of plaintiffs proceeding in forma pauperis are also subject to screening under 28 U.S.C. § 1915, which provides: "the court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. The court has set out the standard of review in its previous orders screening Plaintiff's original and amended complaint. (*See* Docs. # 3, # 9.)

The court has reviewed and screened Plaintiff's proposed second amended complaint under 28 U.S.C. § 1915 and § 1915A and concludes Plaintiff should be **GRANTED** leave to amend. Therefore, his second amended complaint asserting a claim of excessive force in violation of the Fourth Amendment against defendants Marconato, Yee, Lake, Rowe, and Sergeant Tracy in their individual capacities shall **PROCEED**. The Clerk is directed to **FILE** the second amended complaint. (Doc. # 23-1.)

1    Defendants' Motion to Dismiss (Doc. # 14) is **DENIED AS MOOT** as it does not
2 address the operative pleading. Also **DENIED AS MOOT** is Plaintiff's Motion to Strike
3 Defendants' supplement to their reply in support of their motion to dismiss (Doc. # 30).

4    Defendants shall **FILE** an answer or other responsive motion within **fourteen days** of the
5 date of this Order. Fed. R. Civ. P. 15(a)(3).

6    Finally, the court notes that in Defendants' previously filed motion to dismiss the
7 qualified immunity argument as to defendant Lake relied on facts not contained within the
8 complaint; therefore, it would have been converted into a motion for summary judgment. *See*
9 *Swartz v. KPMG LLP*, 476 AF.3d 756, 763 (9th Cir. 2007) (per curiam) (the court will "consider
10 only allegations contained in the pleadings, exhibits attached to the complaint, and matters
11 properly subject to judicial notice" in analyzing a motion to dismiss); *see also Lee v. City of*
12 *Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001) (as a general rule, court may not consider
13 material beyond the pleadings in ruling on motion to dismiss for failure to state a claim upon
14 which relief may be granted without converting it into a motion for summary judgment).
15 Moreover, the evidence Defendants rely on is not substantiated by citation to a declaration,
16 deposition transcript, discovery response, or any other material. Fed. R. Civ. P. 56(c)(1)(A). If
17 Defendants intend to file another motion asserting the qualified immunity argument as to
18 defendant Lake, and rely on evidence outside of the complaint, it should be brought as a motion
19 for summary judgment. In addition, *any* motion for summary judgment filed by Defendants
20 should be sufficiently supported by citation to evidence in accordance with Rule 56.

21 **IT IS SO ORDERED**.

22 July 29, 2014

23    WILLIAM G. COBB
     UNITED STATES MAGISTRATE JUDGE