**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JOSHUA A. NEWPORT. | ) | 3:12-cv-00621-MMD-WGC |
| Plaintiff, | ) ) | **ORDER RE** |
| | ) | **PLAINTIFF'S MOTIONS TO AMEND** |
| vs. | ) | **AND** |
| | ) | **PLAINTIFF'S MOTION TO EXTEND** |
| CITY OF SPARKS, et al., | ) | **DISCOVERY DEADLINE** |
| | ) | |
| Defendants. | ) | **(Docs ## 35, 40, 41)** |
| _____ | ) | |

Before the court are two motions for leave to amend Plaintiff's complaint, one filed August 7, 2014, and a second one, apparently identical to the first, filed September 8, 2014. (Doc. ## 35, 40.)[1] No response has been submitted by the Defendants to either motion to amend. Also before the court is a recently filed motion for the extension of the discovery deadline. (Doc. # 41.)[2] The court will discuss the Plaintiff's filings in the above referenced order.

**BACKGROUND**

Plaintiff's amended complaint contains one claim for excessive force under the Fourth Amendment against defendant Sparks Police Officers Marconato, Yee, Lake, Marsh, Ginchereau, Novak, Maile, Rowe, Hammerstone, Fye and Sergeant Tracy. (Doc. # 5.) Plaintiff alleges that on November 28, 2010, he was stopped by police officers after evading them on Victorian Avenue in Sparks. (*Id*. at 6.) When he stopped, he exited the vehicle and ran approximately twenty steps and then decided against running and surrendered by throwing his hands into the air. (*Id*.) Plaintiff then claims he was "gang-tackled" and slammed face-down into the concrete without provocation. (*Id*.) He avers that the officers proceeded to kick, knee and choke him until he was unconscious. (*Id*.) He also alleges that

---

[1] Refers to court's docket number.

[2] Defendants initially opposed the motion to extend the discovery deadline (Doc. # 42), but subsequently withdrew the opposition (Doc. # 43).

Officer Lake tased Plaintiff twice. (*Id*. at 9.) He claims to have suffered multiple injuries including a dislocated elbow, torn chest muscle, twisted arm, damaged ribs, black eye and bruises, requiring hospitalization. (*Id*. at 7.) Plaintiff contends that the force used was unreasonable under the circumstances and in violation of the Fourth Amendment. (*Id*.)

The court allowed Plaintiff's amended complaint to proceed against the defendant police officers in their individual capacities. (Doc. # 9 at 4.)[3]

**MOTIONS TO AMEND (Docs. ## 35, 40)**

On August 7, 2014, Plaintiff filed a motion to amend his second amended complaint which motion was accompanied with a proposed superseding third amended complaint. As reflected in Plaintiff's motions (Doc. ## 35, 40) and in the proposed amended complaint (Doc. ## 35-1, 40-1), Plaintiff basically seeks to add two additional defendants (1) the City of Sparks, and (2) the City of Sparks' "Safety Commissioners (John Does 1-5)."

As to the City of Sparks, it appears Plaintiff seeks to correct his unsuccessful attempts to assert "official capacity" claims which were discussed in the screening order of this matter. (Doc. # 9 at 4.) He seeks to add the municipality "as a Defendant in their (sic) Official and individual Capacities for the injuries and Constitutional Deprivations He Suffered as a Result of the City of Sparks municipal policy, custom or practice of inadequate training" relative to the use of force of its police officers.

Plaintiff also seeks to add as a defendant (or defendants) individuals who allegedly served as "City Safety Commissioners (John Does 1-5)." (Doc. ## 35 at 1; 40 at 1.) However, in Plaintiff's motions, he refers to the commissioner in the singular (*id* at 8, line 1) but also again refers to the individuals in the plural (*id.* at 8, line 24). The proposed amended complaint (either version), however, refers to the "City Safety Commissioner" in the singular. (Doc. # 35-1 at 3; Doc. # 40-1 at 3.)

As noted above, the Defendants have not filed a responsive memorandum with regard to either of Plaintiff's motions to file an amended complaint adding as a defendant and asserting constitutional claims for relief against the City of Sparks and the City of Sparks Safety Commissioner.

---

[3] Plaintiff's initial complaint (Doc. # 4) was found not to state viable civil rights claims against the defendant police officers and failed to allege an actionable claim as against the City of Sparks. He was, however, granted leave to amend. (Doc. # 3.) As noted, his amended complaint was found to assert colorable civil rights claims against the individual defendant officers but not the City of Sparks. (Doc. # 9.)

2

The court finds that the Plaintiff has asserted a colorable "failure to train policy or custom" argument as against the City of Sparks. Plaintiff's Third Amended Complaint may proceed in this regard. Inasmuch as the allegations against the individually named defendants appear to be substantially similar to those screened and authorized under the second amended complaint (Doc. # 9), Plaintiff's Third Amended Complaint may proceed against the individually named defendants as well.

However, the court denies Plaintiff's motion, without prejudice, insofar as it pertains to the "City Safety Commissioner," as he refers to the individual in the third amended complaint (Doc. # 40-1) and/or the "City Safety Commissioners John Does 1-5" as they are characterized in the motion to amend. Plaintiff's complaint fails to state viable allegations against an unknown and unidentified individual or that even such an officer exists within the City of Sparks hierarchy. The court denies Plaintiff's motion to amend the action insofar as it pertains to the City Safety Commissioner and/or City Safety Commissioners John Does 1-5. The denial is without prejudice. If Plaintiff is later to identify that the City of Sparks maintains such a position and that any identifiable individual(s) served in that capacity at or about the time the events referred to in Plaintiff's Third Amended Complaint, the court will entertain a further motion to amend to add the individual(s) as a defendant.

**MOTION TO EXTEND DISCOVERY DEADLINE (Doc. # 41)**

In view of the court's ruling on the motions to amend, the court will vacate the existing scheduling order (Doc. # 37) to be superseded with new deadlines pertinent to this case. Plaintiff's motion (Doc. # 41) is therefore denied as moot.

**CONCLUSION**

Plaintiff's motion for leave to amend complaint (Doc. # 40) is **GRANTED IN PART AND DENIED IN PART** as follows: The motion is **GRANTED** with respect to adding the City of Sparks as a Defendant and the allegations pertaining to the City of Sparks. The motion for leave to amend as to the City of Sparks Safety Commissioner and/or City Safety Commissioners John Does 1-5 is **DENIED WITHOUT PREJUDICE.** The Clerk shall detach the proposed Third Amended Complaint (Doc # 40-1) and file it next in order. Plaintiff's predecessor motion to amend (Doc. # 35) is **DENIED AS MOOT.**

///

Defendants' counsel shall file a statement within ten days whether counsel can accept service of process on behalf of the City of Sparks. If not, counsel shall identify the name and address of the City of Sparks representative authorized to accept service of process and the court will thereafter direct the Marshal to effect service accordingly.

The court **VACATES** the Scheduling Order (Doc. # 37). Plaintiff's motion to extend the discovery deadline (Doc # 41) is **DENIED AS MOOT** in view of the court's order vacating the existing scheduling order and the intention to issue a superseding scheduling order.

**IT IS SO ORDERED.**

DATED:   October 8, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE