UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSHUA A. NEWPORT, | ) | 3:12-cv-00621-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | December 11, 2014 |
| | ) | |
| MARCONATO, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  Katie Lynn Ogden  </u>   REPORTER: <u>              FTR              </u>

COUNSEL FOR PLAINTIFF: <u>  Joshua A. Newport, In Pro Per (Telephonically)  </u>

COUNSEL FOR DEFENDANTS: <u>  Douglas R. Thornley, Esq.  </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

9:36 a.m.  Court convenes.

The court holds today's hearing to address several motions; however, Plaintiff's Motion to Compel (Doc. # 57) will not be resolved today, but will be set for another date and time in the near future.

**I.      Plaintiff's Motion for Leave to Amend His Civil Rights Complaint (Doc. # 55)**

The court and Plaintiff have discussion regarding the grounds in which Plaintiff seeks to amend his civil rights complaint.  Mr. Newport advises the court that his request to add Sparks Police Chief Brian Allen as a defendant is inaccurate given he is the current Chief of the Sparks Police Department and did not hold this position until after the incident that is the subject of the instant litigation (November 2010).  Additionally, Plaintiff indicates that, in view of the City of Sparks already named as a defendant in this lawsuit, his request to add the City is unnecessary.

Plaintiff is advised that his request to add the Sparks Police Chief as a Defendant in this matter is redundant and may cause further delay.  The court explains a claim against a municipal official in his or her official capacity is tantamount to a suit against the municipal entity itself.

Minutes of Proceedings
3:12-cv-00621-MMD-WGC
December 11, 2014

However, if Plaintiff wishes to continue to pursue adding the correct named Sparks Police Chief[1] as a Defendant in this matter, he will have to again file a motion requesting leave to amend with an attached amended complaint complete in and of itself.

  Mr. Thornley adds to the discussion that the City of Sparks does not intend to argue it is the responsibility of the Chief of Police for the training of the Sparks Police Officers and that the City would not have responsibility for what its Chief of Police did or did not do with respect to training or failure to train.

  In light of the court's explanation and Mr. Thornley's representation, Mr. Newport indicates he will not be seeking leave to amend his complaint and requests the court to withdraw his motion to amend.

  Mr. Newport's oral request to withdraw is **GRANTED** and Plaintiff's Motion for Leave to Amend His Complaint (Doc. # 55) is **WITHDRAWN**.

II. **Plaintiff's Motion to Extend Discovery Deadline (Doc. # 54)**

  To better understand the basis of Mr. Newport's request for an extended discovery deadline, the court and Mr. Newport discuss areas of dispute raised in Plaintiff's motion to compel.

  Mr. Newport indicates Defendants have produced a CD-ROM containing audio files he had requested during discovery.  However, he has not been unable to review the CD-ROM because of its format in which he received the audio files.  The court directs Defendants' counsel to request the IT Department at Sparks City Attorney's Office to attempt to convert the CD-ROM to a format in which the Plaintiff may review the audio files utilizing a CD Player.  Mr. Thornley and Legal Secretary/Administrative Assistant for the Sparks City Attorney's Office Shawna Liles agree to inquire with the IT Department to resolve the format issue.

  Next, the court and parties address a dispute raised by Plaintiff regarding the "Taser International" report produced by Defendants (Doc. # 57, pg. 12).  Mr. Thornley explains the recorded "firing data" listed in the report identifies three separate incidents in which the taser was utilized.  The first recorded firing data identifies a "firing test" time when the officer first arrived on shift.  The other two recorded firing data times identifies the actual recording of the taser firing.  Mr. Newport indicates Mr. Thornley's explanation of the taser report clarifies his

---

[1] Defendants' counsel indicates the Sparks Police Chief during the relevant time subject to this litigation was Chief Steve Keefer.

Minutes of Proceedings
3:12-cv-00621-MMD-WGC
December 11, 2014

questions regarding the recorded times of the taser being fired and has no further dispute at this time regarding this report.

Overall, Mr. Newport explains his request to extend the discovery deadline is primarily based on discovery disputes raised in his motion to compel. Mr. Newport states he does not intend to undertake any new discovery at this time.

In light of the today's discussions and Mr. Newport's representation that there will not be any new discovery he wishes to propound on Defendants, Plaintiff's Motion to Extend Discovery Deadline (Doc. # 54) is **DENIED**. However, the dispositive motions deadline (January 19, 2015) and Proposed Joint Pretrial Order (January 24, 2015) (Doc. # 51) are **VACATED**. The court will reestablish these deadlines pending resolution of the motion to compel hearing.

III.    **Discussion Regarding Plaintiff's Motion to Compel the Defendants to Produce Documents (Doc. # 57)**

The court finds Mr. Newport has not sufficiently fulfilled LR 26-7 meet and confer requirement before filing his motion to compel. Therefore, the parties are directed to utilize Defendants' Opposition to Motion to Compel (Doc. # 61) during a meet and confer conference to identify any discovery disputes that remain outstanding. Mr. Thornley is directed to coordinate the meet and confer conference with Mr. Newport either in person or by telephone.

Once the parties have fulfilled the meet and confer requirement, Mr. Newport shall submit his reply memorandum stating the remaining areas of dispute. Plaintiff's reply memorandum is due no later than **Monday, December 29, 2014**. Defendants shall have the opportunity to file a surreply no later than **Friday, January 9, 2015**.

The court notes excerpts from Sparks Police Department training manual that are relevant to the topic of excessive use of force should be provided to Plaintiff. However, the court acknowledges producing such material may create potential security threats. Therefore, the court directs that material relating to officer training shall be delivered to the warden's office for Mr. Newport's inspection. Mr. Newport shall be advised when the documents are available so he can then kite to review the documents in the warden's office. Finally, the court directs Mr. Thornley to file a notice advising the court Defendants have delivered the relevant training manual materials to the warden's office for Plaintiff review and further advise the court whether Defendants were able to convert the aforementioned CD-ROM to an alternative format so Plaintiff is able to review the requested audio files.

Minutes of Proceedings
3:12-cv-00621-MMD-WGC
December 11, 2014

  The court will hold a motion hearing to address Plaintiff's Motion to Compel (Doc. # 57) on **Wednesday, January 21, 2015, at 1:30 p.m.**  Sparks City Attorney's Office shall arrange for the Plaintiff to be present by telephone and shall contact the courtroom administrator,

Katie Lynn Ogden, at (775) 686-5758, at least two (2) days prior to the hearing to advise her of the number where Plaintiff may be reached at the time of the hearing.

### IV.   Plaintiff's Motion for Subpoena Duces Tecum (Doc. # 53)

  The court and parties discuss Plaintiff's three requests for subpoenas as to the Nevada Department of Motor Vehicles Public Safety ("DMV"), Channel 8 KOLO News Station

("KOLO 8") and John Ascuaga's Nugget ("Nugget").

  The court finds there is a lack of relevance to issue subpoenas as to the Nevada DMV and Channel 8 KOLO; therefore Plaintiff's request for the court to issue subpoenas as to these two entities is **DENIED**.

  In so far Plaintiff requests the court to issue a subpoena as to the Nugget, this request is **GRANTED**.  The deputy clerk is directed to issue a subpoena, signed but otherwise blank, and send it to Mr. Newport.  Mr. Newport shall complete the subpoena and thereafter return it and a copy of this order to the United States Marshal's Office[2] for service within thirty (30) days of today's date.

  Therefore, Plaintiff's Motion for Subpoena Duces Tecum is **GRANTED in part** and **DENIED in part** consistent with the discussions had today.

IT IS SO ORDERED.
10:26 a.m.  Court adjourns.

              LANCE S. WILSON, CLERK
              By: _____/s/_____
               Katie Lynn Ogden, Deputy Clerk

---

  [2] United States Marshals Office, Bruce R. Thompson Courthouse and Federal Building, 400 South Virginia Street, Room 201, Reno, NV 89501.