## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSHUA A. NEWPORT, | ) | 3:12-cv-00621-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | January 21, 2015 |
| | ) | |
| MARCONATO, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  Katie Lynn Ogden  </u>   REPORTER:  <u>                FTR                </u>

COUNSEL FOR PLAINTIFF:  <u>  Joshua A. Newport, In Pro Per (Telephonically)                </u>

COUNSEL FOR DEFENDANTS:  <u>  Douglas R. Thornley, Esq.                        </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

1:33 p.m.  Court convenes.

The court notes that Legal Secretary/Administrative Assistant for the Sparks City Attorney's Office Shawna Liles is present for today's hearing.

The court convenes to address Plaintiff's "Motion for Court Order Enforcing [sic] or/ Directing the Sparks John Ascuaga's Nugget to Provide Plaintiff with Subpoena Documents and Surveillance Video Electronic Files." (Doc. # 70).  The court first, however, inquires whether there are any outstanding discovery disputes since the parties' meet and confer conference on December 15, 2014 and Defendants having produced additional documents and responses to interrogatories.  (Doc. # 69).

## I.   <u>"Plaintiff's Motion to Compel the Defendants to Produce Documents" (Doc. # 57)</u>

Defendants' counsel states, to his knowledge, all discovery issues have been resolved and no further disputes are at issue concerning Plaintiff's Motion to Compel (Doc. # 57).  Plaintiff, however, indicates there are discovery disputes that remain outstanding and will need the court's

assistance to resolve.[1]

The court first addresses Plaintiff's request for a copy of Sparks Police Department ("SPD") "training manual."  Plaintiff indicates he has not received a specific "yes" or "no" response whether a training manual exists.  Defendants' counsel reiterates there is no specific "training manual" for SPD.  However, there are City of Sparks "lesson plans" that are approved by Nevada POST[2] under which SPD officers receive continuous training.  Mr. Thornley states, to his knowledge, all relevant lessons plans have been provided to Plaintiff.  Plaintiff accepts Defendants' further elaboration and indicates he has no further comments as to the request for a training manual.

Next, the court addresses Plaintiff's request for Defendant Bryan Yee's disciplinary records while he was a Deputy Sheriff at the Washoe County Sheriff's Department. Mr. Thornley indicates Defendants, Mr. Yee in particular, do not possess or have in their control any records, if any exists, of Defendant Yee's disciplinary records from the Washoe County Sheriff's Department.   Additionally, Mr. Thornley advises the court that responses regarding Defendant Yee's employment with the Washoe County Sheriff's Department were answered in the second set of interrogatories.   The court is satisfied with the Defendants' responses to Plaintiff's requests regarding Defendant Yee's prior employment with the Washoe County Sheriff's Department.  Furthermore, Defendants are not required to produce any further supplemental responses as to Defendant Bryan Yee, as the information sought is not relevant to Newport's litigation.

The last discovery dispute the court addresses is with regard to Plaintiff's request to obtain SPD officer certifications for defense tactic training.  Mr. Thornley explains that "out-of-service" training certifications are only required for accounting purposes.  Mr. Thornley further explains that officers who attend "in-service" training typically are only required to sign in for the training and no certification is provided once training is complete.  Plaintiff indicates he understands Mr. Thornley's explanation regarding certification and has no further comments at this time regarding this issue.

In view of the conference held on December 11, 2014, the meet and confer conference held on December 15, 2014 and the discussions had today regarding certain discovery requests, the court finds all remaining discovery disputes have been resolved.  Therefore, Plaintiff's Motion to Compel (Doc. # 57) is **DENIED** as the discovery requests have been adequately

---

[1] Before addressing specific discovery requests, the court discusses Plaintiff's concern regarding the presence of Deputy Chief Brian Miller during the parties meet and confer conference at the Northern Nevada Correctional Center.  Mr. Thornley explains Deputy Chief Miller was present during the meet and confer conference to provide assistance and be witness to the conference in view of the fact any recording devices during the conference were prohibited.

[2] The Nevada Commission on Peace Officers' Standards and Training.

responded to by the Defendants.

II.     **"Plaintiff's Motion for Court Order Enforsing [sic] or/Directing the Sparks John Ascuaga's Nugget to Provide Plaintiff with Subpoena Documents, and Surveillance Video Electronic Files" (Doc. # 70)**

The court next addresses the topic of the subpoena issued as to "John Ascuaga's Nugget," which was ultimately returned unexecuted (Doc. ## 67, 68).  The court explains in doing its own research, and speaking with United States Marshal who attempted service of the subpoena, the subpoena was returned unexecuted for several reasons.  For one, it was represented by personnel at "John Ascuaga's Nugget," upon whom the Marshal was attempting to effect service, that there has been a change in corporations since 2010.  Furthermore, per the Nugget representatives, the security system has since been updated and there is no knowledge of any video recordings dating back to 2010 (see "Addendum to Document 67," Doc # 71).  Thus, the Nugget advised the Marshal it would not have any documents to produce relative to Plaintiff's subpoenas.

Additionally, the court advises Plaintiff that many of his questions listed on the subpoena are inappropriate to ask and are rather questions or interrogatories.  However, there are three requests (¶ 8, ¶ 11 and ¶ 13), which are appropriate.  The court explains to Plaintiff that he may resubmit the subpoena, if he wishes to do so, with the appropriate requests and the court will direct the United States Marshal's Office to re-serve the subpoena.

At this time, Plaintiff indicates he does not wish to resubmit the subpoena.

In view of Mr. Newport's representation that he does not wish to pursue the subpoena as to John Ascuaga's Nugget at this time, "Plaintiff's Motion for Court Order Enforsing [sic] or Directing the Sparks John Ascuaga's Nugget to Provide Plaintiff with Subpoena Documents, and Surveillance Video Electronic Files" (Doc. # 70) is **DENIED without prejudice**.  Should Plaintiff later find it appropriate to re-serve the subpoena on John Ascuaga's Nugget, he shall file a request with the court to reissue the subpoena as to "John Ascuaga's Nugget."

III.    **Clarification Regarding Defendant City of Sparks**

Plaintiff expresses concern withdrawing his request to amend his complaint during the December 11, 2014 motion hearing (Doc. # 65).  Plaintiff states if the defendant City of Sparks is not responsible for the training of SPD officers but the Chief of Police is, he would like the opportunity to amend his complaint to add Sparks Police Chief Steve Keefer as a defendant.

Mr. Thornley again explains to the court and Plaintiff that, if there is a finding that the SPD officers were not trained properly, the responsibility would rest with the City of Sparks. Therefore, it is not necessary to add Chief Keefer as a defendant in this matter.

Mr. Newport indicates he understand Mr. Thornley's explanation and has no further concerns.

## IV.     **Request to Undertake Polygraph Examination**

Mr. Newport indicates he would voluntarily submit to a polygraph examination.  The court states that, as a general rule, polygraph testing is typically not admissible evidence because of concerns the testing is replacing the finding of fact function of the jury.  The court further indicates it will not order any party in this matter to undertake a polygraph examination.

## V.      **Revised Deadlines**

In view of Plaintiff's Motion to Compel (Doc. # 57) being resolved, the court establishes the following revised deadlines:

Dispositive Motion(s):          Friday, February 20, 2015;

Joint Pretrial Order:            Friday, March 20, 2015 - however, in the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motions or further order of the court.

IT IS SO ORDERED.

2:16 p.m.  Court adjourns.

LANCE S. WILSON, CLERK

By: _____/s/_____
           Katie Lynn Ogden, Deputy Clerk

4